IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHARLES LEE BURR,

        Plaintiff,

vs.

GAGE COUNTY SHERIFFS DEPARTMENT, and U.S. MARSHALS FUGITIVE TASK FORCE,

        Defendants.

8:18CV4

MEMORANDUM AND ORDER

Plaintiff filed a Complaint on January 4, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is a pretrial detainee in the custody of the Gage County Detention Center in Beatrice, Nebraska. (Filing No. 1 at CM/ECF pp.2, 5.) He brings this action pursuant to 42 U.S.C. § 1983 against the Gage County Sheriff's Department and the U.S. Marshals Fugitive Task Force. Liberally construed, he also sues U.S. Marshals Tanner Hippen and Aaron Crooks and Gage County Sheriff's Department Deputies Z. Smith, Bebensee, and Matthew Ernst.[1] (*Id.* at CM/ECF p.7.)

---

[1] *See Miller v. Hedrick*, 140 Fed. App'x 640, 641 (8th Cir. 2005) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.")).

Plaintiff asserts that the Defendants used excessive force to effect his arrest on July 21, 2017, at Plaintiff's stepfather's house in Blue Spring, Nebraska. (*Id.* at CM/ECF pp.5–7.) Plaintiff alleges that he was first tased in his right arm by Deputy Smith through the passenger window of Plaintiff's vehicle, after which Plaintiff put up his hands and stated "I'm done." (*Id.* at CM/ECF p.7.) Even though he "was not resisting," Plaintiff claims Deputy Bebensee broke out the driver's side window and Plaintiff was tased a second time in his left shoulder by U.S. Marshal Tanner Hippen. (*Id.*) Plaintiff alleges the arresting officers then forcibly removed him from the vehicle, slammed him to the ground, and beat him. As a result, Plaintiff claims he suffered an acute kidney injury as well as abrasions, bumps, and bruises for which he required an overnight stay in the hospital and follow-up treatment. Plaintiff seeks $1.5 million in damages.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff seeks damages from the Defendants for violations of his Fourth Amendment right to be free from excessive force. An officer may employ some degree of physical force or threat thereof to effect an arrest or investigatory stop. *Chambers v. Pennycook*, 641 F.3d 898, 905 (8th Cir. 2011). However, "[a]n officer's use of force violates the Fourth Amendment when it is objectively unreasonable, given the facts and circumstances of the particular case, as 'judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Id.* at 905–06 (quoting *Graham v. Connor*, 490 U.S. 386, 396–97 (1989)). In determining whether the force used to effect an arrest was reasonable, courts must balance "the nature and quality of the intrusion on the

individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id*. at 906 (internal quotation marks and citations omitted).

**A. Claims against Gage County Sheriff's Department and Deputies**

Plaintiff sues the Gage County Sheriff's Department, and Gage County Sheriff's Department Deputies Z. Smith, Bebensee, and Matthew Ernst in their official capacities. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). As an initial matter, the Gage County Sheriff's Department is not a distinct legal entity subject to suit. See *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Friar v. Jackson Cnty. Sheriff Dept.*, No. 1:14CV00097 BSM, 2014 WL 7073502, *2 (E.D. Ark. Dec. 12, 2014) ("[A] sheriff's department is not subject to suit."). Accordingly, Plaintiff's claims against the Gage County Sheriff's Department are dismissed.

Liberally construed, Plaintiff's claims against Deputies Smith, Bebensee, and Ernst are claims against Gage County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. In order to state a plausible claim against Gage County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights or that Gage County failed to adequately train its employees. *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Gage County's employees, or that Gage County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violation or that Gage County failed to adequately train its employees. Plaintiff, thus, has failed to allege sufficient facts to "nudge" his claim against Gage County across the line from conceivable to plausible.

## B. Claims against U.S. Marshals Fugitive Task Force and Marshals

Plaintiff also sues the U.S. Marshals Fugitive Task Force and U.S. Marshals Tanner Hippen and Aaron Crooks under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[2] The U.S. Marshals Service is a federal agency, and as such, Plaintiff cannot recover against the U.S. Marshals Service (of which the Fugitive Task Force is part) for its alleged violation of his constitutional rights. *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) (holding a *Bivens* cause of action cannot be brought against a federal agency). As with the Gage County Sheriff's Department Deputies, Plaintiff has not specified in what capacity U.S. Marshals Hippen and Crooks are sued so the court must assume they are sued in their official capacity. *See Johnson, supra.*

Any claim against U.S. Marshals Hippen and Crooks in their official capacities is a claim against the United States. *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993). "Sovereign immunity bars claims against federal officials in their official capacity unless a waiver is unequivocally expressed by Congress." *Id.* With respect to constitutional tort claims for damages brought against the United States or its agencies, Congress has not waived sovereign immunity. *F.D.I.C. v. Meyer, supra.* Thus, Plaintiff cannot recover against the United States on his Fourth Amendment excessive force claim because the federal government and its agencies are immune from any such suit. *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982) ("*Bivens* and its progeny do not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials.").

---

[2] *Bivens* actions are implied causes of action for damages against federal government officials in their individual capacities for constitutional violations. *Carpenter's Produce v. Arnold*, 189 F.3d 686, 687 (8th Cir. 1999). "As a general rule, *Bivens* claims and § 1983 claims are almost identical and involve the same analysis." *Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015).

Subject to exceptions that are not relevant in this case, Congress has waived sovereign immunity for negligence actions governed by the Federal Tort Claims Act (FTCA). "The FTCA waives the government's immunity in certain tort suits by providing that the 'United States shall be liable [for torts] . . . in the same manner and to the same extent as a private individual under like circumstances.'" *Barnes v. U.S.*, 448 F.3d 1065, 1066 (8th Cir. 2006) (quoting 28 U.S.C. § 2674). However, to the extent the Complaint can be construed as alleging claims under the FTCA, Plaintiff has not alleged that he exhausted his administrative remedies as required under the FTCA before filing his complaint, and exhaustion is a jurisdictional prerequisite to filing a suit for recovery under the FTCA. *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) (holding that despite the liberal construction afforded to pro se pleadings, the prisoner's complaint seeking FTCA recovery was properly dismissed for failure to exhaust administrative remedies before filing suit). Accordingly, to the extent Plaintiff seeks recovery from the United States under the FTCA, his claim must be dismissed without prejudice.

**C. Conclusion**

Plaintiff's Complaint fails to state a plausible claim for relief against the Gage County Sheriff's Department and its Deputies in their official capacities. Plaintiff's claims against the U.S. Marshals Fugitive Task Force and the two U.S. Marshals in their official capacities are barred by sovereign immunity. However, on its own motion, the court will grant Plaintiff leave to file an amended complaint that states a Fourth Amendment excessive force claim upon which relief may be granted against the named individual Gage County Sheriff's Department Deputies and U.S. Marshals. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this action without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1.  Plaintiff's claims against the Gage County Sheriff's Department and U.S. Marshals Fugitive Task Force are dismissed.

2.  Plaintiff shall have 30 days to file an amended complaint that states a claim upon which relief may be granted under the Fourth Amendment. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3.  The clerk of the court is directed to set the following pro se case management deadline: **July 2, 2018**: check for amended complaint.

Dated this 1st day of June, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge